IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HUBERT LEE DUNCAN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer CANDACE SIMMONS, | : | |
| GDOC Comm's BRIAN OWENS, | : | |
| MEDICAL COLLEGE OF GEORGIA, | : | |
| Warden ALEXIS CHASE, Health Admin. | : | |
| CALVIN RAMSEY, Deputy Warden | : | |
| MATHOL JORDAN; Deputy Warden | : | |
| SANDRA ABRAMS; DR. HALE | : | |
| BURNSIDE; Nurse TABILE HURCLAND; | : | |
| Cpt. PATRICIA CHATMAN; Sgt. | : | NO. 5:10-CV-390 (HL) |
| NICHOLAS HURSE; Lt. DELOIS PEAL; | : | |
| and Lt/Sgt. CHRISTOPHER BINN; | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **HUBERT LEE DUNCAN**, an inmate at Johnson State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as will be directed later in this order and recommendation. The Clerk of Court is directed to send a copy of this order to the business manager of Johnson State Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act

or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). **See also** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff brings this section 1983 lawsuit relating to events that occurred while plaintiff was confined at Men's State Prison ("MSP"). Plaintiff names the following defendants: (1) Georgia Department of Corrections ("GDOC") Commissioner Brian Owens; (2) Medical College of Georgia ("MCG"); (3) Warden Alexis Chase; (4) Health Administrator Calvin Ramsey; (5) Deputy Warden of Security Mathol Jordan; (6) Deputy Warden of Care and Treatment Sandra Abrams; (7) Dr. Hale Burnside; (8) Nurse Tabile Hurcland; (9) Captain Patricia Chatman; (10) Officer Candace Simmons; (11) Sergeant Nicholas Hurse; (12) Lieutenant Delois Peal; and (13) "Lt/Sgt" Christopher R. Binns.

Plaintiff alleges that he was subjected to an unconstitutional risk of harm on November 18, 2009, when defendant Simmons "abandoned her post" and failed to protect plaintiff from a brutal assault by fellow inmate, Fred Williams. Plaintiff additionally appears to complain that defendants Chatman, Peal, Binns, and Hurse knew about Williams' "recent aberrant behavior with other inmates," but took no measures to protect plaintiff or to classify Williams as a violent prisoner.

Plaintiff sues defendants Jordan, Abrams, Ramsey, and Dr. Burnside for their failure to supervise and defendants Owens and Chase for their failure to provide enough guards to adequately protect the jail population at MSP. Plaintiff alleges that Nurse Hurcland deprived him of medical care by her failure to treat plaintiff for a badly broken femur for several hours. MCG is named as a defendant because plaintiff believes that it is "legally responsible for all staff employed by them/through them at [MSP] medical section and for the behavior of their employees."

## III. DISCUSSION

### A. Dismissed Defendants

#### 1. MCG

A plaintiff in a section 1983 action is limited with respect to whom he may sue. As discussed above, only "persons" can be sued under section 1983. Neither a state nor its agencies are "persons" within the meaning of section 1983. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989). MCG is a state teaching hospital; as such, it is an agency of the state and is not a "person" capable of being sued under section 1983. ***Winston Goforth v Meadows***, No. 03-13000 (11th Cir. Jan. 6, 2005) (unpublished opinion); *see also **Marzec v. Toulson***, No. CV 103-185, 2007 WL 1035136, at *3 (S.D.Ga. Mar.30, 2007).

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

#### 2. Jordan, Abrams, Ramsey, Owens, Chase, and Burnside

Supervisors are not responsible for the actions of subordinates under section 1983. Instead, a supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation

4

of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." ***Gross v. White***, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing ***Goebert v. Lee County***, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Plaintiff makes no credible allegations that Jordan, Abrams, Ramsey, Owens, Chase, or Dr. Burnside had a policy or a custom that resulted in a deprivation of plaintiff's rights or participated in or had knowledge of any such deprivation. Plaintiff does summarily allege that Owens and Chase failed to provide adequate staff at MSP. This allegation, however, is contrary to plaintiff's statements regarding Officer Simmons. Officer Simmons was assigned to oversee plaintiff's dorm. Simmons "abandoning her post," as alleged by plaintiff, not inadequate staffing, thus caused the alleged failure of supervision. Accordingly, Jordan, Abrams, Ramsey, Owens, Chase, and Dr. Burnside are not liable as supervisors. Therefore, it is **RECOMMENDED** that said defendants be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. Remaining Defendants

Construing the complaint liberally in favor of plaintiff, as this Court is required to do at this early stage of the proceeding, the Court finds that plaintiff has alleged colorable claims against the following defendants: Officer Candace Simmons; Nurse Tabile Hurcland; Captain Patricia Chatman; Sergeant Nicholas Hurse; Lieutenant Delois Peal; and "Lt/Sgt" Christopher Binns. Accordingly, the Court will allow the complaint to proceed against these defendants.

5

Accordingly, it is hereby **ORDERED** that service be made against defendants Simmons, Hurcland, Chatman, Hurse, Peal, and Binns, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of

service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance

with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed

before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

SO ORDERED and RECOMMENDED, this 9th day of November, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge