# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| HUBERT LEE DUNCAN, | : |
| Plaintiff, | : |
| | : NO. 5:10-CV-390 (HL) |
| VS. | : |
| PATRICIA CHATMAN, *et al.*, | : |
| | : Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : Before the U.S. Magistrate Judge |

## RECOMMENDATION

Defendants Officer Candace Simmons, Captain Patricia Chatman, Sergeant Nicholas Hurse, Lieutenant Delois Peal, Lieutenant Christopher Binn, and Nurse Hurculano Tabile have moved to dismiss the above-captioned 42 U.S.C. §1983 action. Among other things, Defendants contend that Plaintiff failed to properly exhaust his available administrative remedies prior to filing the instant action and failure to state a claim. Doc. 18 and Doc. 33. For the following reasons, it is **RECOMMENDED** that Defendants' motions be **GRANTED** and that this action **DISMISSED**.

## FACTUAL AND PROCEDURAL HISTORY

This action essentially involves claims of failure to protect and deliberate indifference to Plaintiff's serious medical needs. On Motion to Dismiss, all well-pleaded facts in the Complaint are accepted as true, and construed in the light most favorable to the Plaintiff. Because Plaintiff is proceeding *pro se*, his pleadings are liberally construed.

According to the Complaint, on the afternoon of November 18, 2009, Defendant Correctional Officer Candace Simmons temporarily abandoned her post as supervisor of the B Dorm in Men's State Prison, where Plaintiff was housed. Doc.1. Immediately after Simmons departed,

Plaintiff was physically assaulted by inmate Fred Williams. Other inmates then intervened and stopped the altercation.

When she returned to her post, Defendant Simmons notified medical personnel who placed Plaintiff on a stretcher and transported Plaintiff to the Medical Department. Once in the Medical Department, Plaintiff was examined by Defendant Nurse Tabile. Despite Plaintiff's complaints of pain, Tabile concluded that nothing was wrong and directed that Plaintiff be placed in a wheelchair and returned to his dormitory.

As he was being taken back to his dormitory, Plaintiff asked the orderlies to stop at the security office, where Plaintiff "voiced his concerns" to Lt. Peal and Coach Harold Henderson. Doc. 1, p.4. Two hours later, Plaintiff was returned to the Medical Department. Plaintiff was then transported to the Oconee Regional Medical Center where it was discovered that his femur was broken. As a result, he was taken to the Atlanta Medical Center where he underwent surgery.

On October 5, 2010, Plaintiff executed the Complaint that forms the basis for the above captioned action. In his Complaint, Plaintiff claims that he was subjected to an unconstitutional risk of harm when Defendant Simmons abandoned her post and failed to protect him from the assault by inmate Williams. Plaintiff argues that Defendants Chatman, Peal, Binns, and Hurse also failed to protect him, in that they had knowledge of inmate Williams' "recent aberrant behavior with other inmates," but failed to classify Williams as a violent inmate and allowed Williams to remain in the same dormitory as Plaintiff. Plaintiff maintains that Defendant Tabile was deliberately indifferent to his serious medical needs, based upon the denial or refusal to provide him with medical attention for a period of two hours, Finally, Plaintiff also alleges two related state law claims.

DISCUSSION

**Deliberate Indifference to Serious Medical Needs**

Plaintiff's claim against Nurse Tabile for denial of or delay in medical treatment is unexhausted and should be dismissed. The Prison Litigation Reform Act (PLRA) mandates that

before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of his available administrative remedies. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a request for dismissal is based on the affirmative defense of failure to exhaust, review involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

In support of their exhaustion argument, Defendants submitted the affidavit of Baldwin State Prison Grievance Coordinator Nathan Handberry (Doc.18-2), copies of the Georgia Department of Corrections Statewide Grievance Procedure (Docs.18-3 & 18-7), records of Plaintiff's inmate grievance history (Docs.18-4 & 18-8), grievances filed by Plaintiff concerning medical care (Docs. 18-5 & 18-9), and the affidavit of Men's State Prison Grievance Coordinator Pearline Mosley (Doc.18-6). These documents show that Plaintiff filed numerous grievances complaining about medical care and treatment but did not file any grievance complaining that he was denied or delayed medical treatment on November 18, 2009, following the incident with inmate Williams.

In his response, Plaintiff does not contest Defendants' claim that he failed to file a grievance

relating to a denial or delay in medical treatment on November 18, 2009. Instead, Plaintiff proffers three alternative arguments. In the first, Plaintiff asserts that he attempted to exhaust his remedies by filing a grievance on December 9, 2009 concerning Defendant Simmons' abandonment of her post that was rejected. Doc. 28. Next, to show that he had no available administrative remedies, Plaintiff claims that Warden Abrams personally instructed him "to not file any more grievances about the wrongs done to [him] by staff." Id. Finally, Plaintiff claims that he was unable to timely file any grievances on Defendant Tabile because he was in the hospital and infirmary until after the time for filing a grievance expired.

Plaintiff's arguments that he attempted to exhaust his administrative remedies are not sufficient to overcome the evidence to the contrary. Plaintiff's grievance concerning Defendant Simmons does not exhaust his remedies as to his claims against Defendant Tabile. Any claim that Abrams attempted to discourage Plaintiff from filing grievances is belied by evidence showing that Plaintiff continued to file numerous grievances about other matters.

Plaintiff's claim that he was prevented from filing a timely grievance because he was in the infirmary is contradicted by evidence showing that he had access to the grievance procedure, and in fact used the grievance procedure, while he was in the infirmary. Defendants have submitted a copy of Plaintiff's movement history demonstrating that Plaintiff was transferred from the Atlanta Medical Center back to Baldwin State Prison on November 24, 2009, four days prior to the expiration of the ten calendar day period during which he could have filed a timely grievance. Doc. 37-2. Defendants also submitted a supplemental affidavit from Grievance Coordinator Nathan Handberry, who testifies that inmates have access to grievance forms while in the infirmary. (Doc. 37-3). A copy of a grievance filed by Plaintiff on December 1, 2009 (Doc. 18-5, p.2), complaining of insufficient pain medication, shows that Plaintiff had access to and even used the grievance procedure while in the infirmary at Baldwin. Defendants note that Plaintiff made no attempt to file

a grievance out of time. The evidence thus indicates that Plaintiff failed to exhaust his administrative remedies with respect to his medical treatment claim against Defendant Tabile, and that claim should be dismissed.

### **Failure to State a Claim**

Plaintiff's next claim consists of his assertions that Defendant Simmons, Chatman, Peal, Binns, and Hurse violated his rights by failing to protect him from an assault by inmate Williams. Because Plaintiff's allegations concerning these Defendants' are not sufficient to state a colorable claim, they must be dismissed. A prison official can be held liable for failure to protect an inmate from attack by another inmate only when the official has acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 828 (1994). To establish deliberate indifference, the plaintiff must set out facts sufficient to demonstrate that the prison official had subjective knowledge of a risk of serious harm but disregarded the risk through more than negligent conduct. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). "Merely negligent failure to protect an inmate from attack does not justify liability under Section 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). To justify liability, "[t]he known risk of injury must be 'a strong likelihood, rather than a mere possibility.'" Id. (quoting Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989)).

In this case, the Complaint fails to allege facts indicating that any of the Defendants had knowledge that inmate Williams posed a threat to Plaintiff. Instead, Plaintiff alleges generally that the Defendants knew of inmate Williams' "recent aberrant behavior with other inmates." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the absence of any specific facts to show that any of the Defendants would have known of a strong likelihood

that Williams would attack, the Complaint fails to state a claim.

## State Law Claims

Lastly, because Plaintiff has failed to state any viable federal claims, his remaining state law claims should also be dismissed. This Court derives its authority to decide Plaintiff's claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...." Id. § 1367(c)(3) (emphasis added).

Additionally, the Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction . . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law – something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir.2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n. 26 (11th Cir.1997) ("After dismissing Panama's federal claims against the ... defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir.1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, because Plaintiff's claims serving as the basis for original federal court jurisdiction must be dismissed, his potential state law claims should also be dismissed without prejudice so that he may, if he chooses, attempt to pursue them in state court.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Defendant's Motions to Dismiss be **GRANTED** and that Plaintiff's claims be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 1st day of August, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge